Opinion filed March 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00170-CV

                                                    __________

 

    TSBA, INC. d/b/a the surety bonding company,
Appellant

 

                                                                
V.

 

             PERKINS
INSURANCE AGENCIES, LLP, LEROY PERKINS,

                         MARK
PERKINS, AND SBMP, INC., Appellees



 

                                  On
Appeal from the County Court at Law

                                                            Taylor
County, Texas

                                                     Trial
Court Cause No. 21,509

 



 

M
E M O R A N D U M   O P I N I O N

TSBA,
Inc. d/b/a The Surety Bonding Company filed suit against Ron Caspell, Perkins
Insurance Agencies, LLP, Leroy Perkins, Mark Perkins, and SBMP, Inc.[1] 
TSBA alleged various causes of action arising from an employment agreement
Caspell signed while working for TSBA.  The defendants, excluding Caspell,
filed a no-evidence motion for summary judgment.[2]
 The trial court granted the defendants’ motion, entered a take-nothing
judgment, and severed TSBA’s claims against them.  We affirm.

I.  Background Facts

In
August 2001, Jeannie Hamilton and Caspell entered into a partnership and started
The Surety Bonding Agency.  They incorporated their business in 2002.  In
August 2004, Hamilton purchased substantially all of TSBA’s stock.  TSBA then
entered into a written employment agreement with Caspell that was referred to
as a Producer’s Agreement.  The agreement was for a term of four years.  In
relevant part, it provided:

Covenants of
Confidentiality and Non-Piracy:  The parties hereto agree as follows:

1.     
All information, papers, contracts, methods of doing business and other
client-sensitive matters are deemed to be proprietary information and materials
which shall at all times remain the property of TSBA.  Caspell agrees not to
reveal any such information to any person or entity prior to or during the term
of this Agreement, or after the termination of this Agreement for any reason.

 

2.     
During the term of this Agreement, Caspell agrees not to engage,
directly or indirectly, in any business activity that would, in any way or
manner, be in competition with the business of TSBA, without the written
consent of TSBA first obtained.

 

3.     
During the term of this Agreement and for a period of two (2) years
following termination hereof, Caspell agrees not to compete with TSBA by
utilizing any trade secrets, methods of operation, business strategies or
proprietary information gained as a result of his affiliation with TSBA.

 

4.     
The parties agree that any breach or threatened breach of any of the
covenants contained herein would cause immediate, material and irreparable harm
to TSBA.  TSBA shall have all of the rights and remedies available under law
including, but not limited to, injunctive relief and monetary damages ordered
by a judgment or decree of a court of competent jurisdiction.

 

Caspell
resigned from TSBA on July 22, 2008.  He then spoke with the Perkins Agencies
about working for them.  In August, Hamilton notified Leroy Perkins that Caspell
had a noncompete agreement with TSBA.  They also discussed Bulldog Constructors,
Inc., and Hamilton informed him that Bulldog was a TSBA client.  No other
clients were discussed.

TSBA
continued to do business with Bulldog.  In January 2009, Hamilton received a
call from Bulldog concerning a rebid for the City of Clyde stadium project. 
Hamilton had not previously heard of this project.  She investigated and
discovered that Bulldog originally contacted Caspell to obtain a bid bond.  She
also discovered that the defendants had sent Bulldog financial records to
United Fire Group to obtain underwriting authority.  TSBA then filed this suit.

II.  Issues

TSBA challenges the trial court’s order granting the defendants’
no-evidence motion for summary judgment with fourteen issues, contending
primarily that there are unresolved fact issues on each of its causes of
action.  Issues One through Four concern TSBA’s allegation that the defendants
have improperly used TSBA’s trade secrets.  Issue Five alleges that Caspell’s
contract with TSBA is enforceable, and Issue Thirteen alleges that there is an
existing contract between TSBA and Caspell.  Issues Six through Ten concern
TSBA’s tortious interference claims.  In Issue Eleven, TSBA alleges that it
produced evidence of damage.  TSBA contends in Issue Twelve that summary
judgment on its joint venture claim was inappropriate.  Finally, in Issue Fourteen,
TSBA alleges that there is a fact question on its conspiracy claim.

III. 
Standard of Review

No-evidence
motions for summary judgment are reviewed under the same standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  Accordingly, we review the evidence in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.  A
trial court must grant a proper no-evidence motion for summary judgment unless
the nonmovant produces more than a scintilla of probative evidence to raise a
genuine issue of material fact on the challenged element of the claim.  Tex. R. Civ. P. 166a(i).

IV. 
Misappropriation of Trade Secrets or Other Confidential Information

The
defendants note that the Producer’s Agreement contains no geographic
restriction and that they are not parties to it.  TSBA concedes that the
noncompete portion of the agreement is unenforceable.  But, it argues that the
remainder of the agreement, including the covenants to protect trade secrets
and other confidential information, is enforceable and that the defendants are liable
for Caspell’s actions in violation of that agreement because they
misappropriated protected information.  The defendants argue that there was no
evidence that they used or appropriated any document, proprietary information,
or other client-sensitive information.

TSBA’s
brief contains a comprehensive discussion of Caspell’s attempts to do business
with TSBA customers.  TSBA acknowledges that there was no evidence that Caspell
used a TSBA customer list, but it contends that he knew the customers because
of his work with TSBA.  Because the noncompete portion of the Producer’s
Agreement is unenforceable, the mere fact that Caspell spoke to former
customers is no evidence that the defendants misappropriated any trade secrets
or other confidential information.  

TSBA
also claims that the defendants improperly used information from Bulldog.  TSBA
provided evidence that Caspell forwarded Bulldog financial statements to the
United Fire Group in connection with a bid bond request.  At oral argument,
TSBA contended that this was proprietary information because Caspell acquired
it from Bulldog while he was working for TSBA.  Bulldog’s financial data
belongs to Bulldog.  If it wished to provide Caspell or the defendants with a
copy of its financial statements, that was Bulldog’s prerogative.  The mere
fact that TSBA also had copies of these statements in its files does not mean
that they were TSBA’s confidential information.  The question is:  Where did
the statements that Caspell forwarded come from?  Because the defendants argued
that there was no evidence they misappropriated any protected information, it
was incumbent upon TSBA to produce evidence that these statements came from its
files and not from the client.  Because it did not do so, the trial court did
not err by granting summary judgment on TSBA’s claim for misappropriation of
trade secrets and other confidential information.  Issues One through Four are
overruled.

V.  Interference
with Contract

TSBA
next argues that its Producer’s Agreement is enforceable and that the defendants
interfered with it.  To establish tortious interference with an existing
contract, TSBA must show (1) the existence of a contract
subject to interference, (2) a willful and intentional
act of interference, (3) that was a proximate cause of
the plaintiff's damages, and (4) actual damage or loss.  Tex. Beef Cattle
Co. v. Green, 921 S.W.2d 203, 210 (Tex. 1996).  Ordinarily, merely inducing
a contract obligor to do what it has a right to do under the contract is not
actionable interference.  ACS Investors, Inc. v. McLaughlin, 943 S.W.2d
426, 430 (Tex. 1997).

If
we assume that the Producer’s Agreement, sans its noncompete provision, is
enforceable, then TSBA was required to produce evidence of willful and
intentional interference with that contract by the defendants.  In
support of this claim, TSBA contends: “No one twisted the Appellees’ arms to
keep these astute business men and organizations from making an inquiry about
the terms of the agreement and the customers of the Appellate [sic].  Mr.
Perkins had the audacity to write a letter inquiring who the Appellant’s and
Mr. Caspell’s customers were.”

The
audacious letter to which TSBA refers was a letter from Leroy Perkins to
Hamilton written on June 10, 2009, almost a year after Caspell left TSBA.  In
that letter, Leroy Perkins wrote:

            To avoid
any conflict between The Surety Bonding Agency and Ron Caspell, could you
please provide a list of Accounts that Ron worked on while he was with your
Agency?  We want to monitor this situation and avoid any disagreement and/or
injury to either of you during the remaining time that the Non-Compete
Agreement is in effect.

 

Hamilton responded on June 16:

 

As I recall, you and
I had two or three conversations regarding Ron’s Non Compete, Non Piracy and
Confidentiality Agreement prior to Ron becoming your agent.  Bulldog
Constructors was specifically discussed and yet Ron issued two (2) bonds this
year for this account.

 

            Ron,
having been a prior partner to TSBA, Inc., is very well aware of the business
clients of this office.  It is my opinion and Nelson Quinn’s opinion that any
information you want about our accounts, you should obtain from Ron Caspell.

 

This letter
simply does not establish any improper action by the defendants.  Indeed, by
refusing to answer Perkins’s question but, instead, directing him to get this
information from Caspell, Hamilton invited the type of action for which she now
complains.

TSBA
failed to produce any evidence that the defendants took any willful and
intentional action to interfere with the Producer’s Agreement.  The trial
court, therefore, did not err by granting the defendants’ motion for summary
judgment on TSBA’s tortious interference with contract claim.  Issues Five, Six,
Seven, and Thirteen are overruled.

VI. 
Interference with Business Relations

To establish a cause of action for
interference with business relations, TSBA was required to offer evidence that
(1) there was a reasonable probability that it would have entered into a
contractual relationship, (2) an independently tortious or unlawful act by the defendants
prevented the relationship from occurring, (3) the act was done with a
conscious desire to prevent the relationship from occurring or with knowledge
that the interference was certain or substantially certain to occur as a result
of their conduct, and (4) TSBA suffered actual harm or damage as a result of
the interference.  See Finlan v. Dallas Indep. Sch. Dist., 90 S.W.3d
395, 412 (Tex. App.—Eastland 2002, pet. denied).  TSBA’s brief does not address
any of these elements nor did its summary judgment proof identify any prospective
business relationship –   its evidence related solely to existing TSBA
clients.  If TSBA’s contention is that it would have done more business with
these customers, it failed to offer any evidence of an independent tortious or
unlawful act by the defendants that prevented it from doing so.  The trial
court did not, therefore, err by granting summary judgment on TSBA’s
interference with business relations claim.

TSBA’s brief does, however, discuss its
causes of action for unjust enrichment.  TSBA acknowledges that, to prevail on
a cause of action for unjust enrichment, it must produce evidence that the
defendants obtained money from TSBA by fraud, duress, or taking an undue
advantage.  Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d
39, 41 (Tex. 1992).  TSBA’s brief does not direct us to any evidence of fraud,
duress, or taking an undue advantage by the defendants, and we saw none in our
review of the record.  Issues Eight, Nine, Ten, and Eleven are overruled.

VII. 
Joint Venture

TSBA next argues that the defendants and Caspell were
involved in a joint venture or enterprise.  That, alone, does not establish a
cause of action.  To the extent TSBA included this claim to hold the defendants
responsible for Caspell’s actions, we have considered that evidence as set
forth above.  Issue Twelve is overruled.

VIII. 
Conspiracy

TSBA’s final claim is that an actionable conspiracy
existed between Caspell and the defendants.  TSBA contends that the defendants
could conspire “by stealing or misappropriating trade secrets, tortious
interference with contracts, and/or business relations.”  Because TSBA failed
to offer any evidence that the defendants did so, the trial court did not err
by granting summary judgment on TSBA’s conspiracy claim.  Issue Fourteen is
overruled.

IX. 
Conclusion

The judgment of the trial
court is affirmed.

            

RICK STRANGE

                                                                                    JUSTICE

March 31, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that throughout the record the trial court is
referred to as County Court at Law No. 1.  Pursuant to Tex. Gov’t Code Ann. § 25.2231 (Vernon 2004), we will refer
to the trial court as County Court at Law.

 





[2]Unless otherwise stated, we will refer to the moving
parties collectively as the defendants.